Bond Auto Loan Corporation (a dissolved corporation), Lewis Lowenstein, M. M. Lyner and Carl Soeker, Statutory Trustees v. Commissioner. Lewis Lowenstein, Transferee v. Commissioner. M. M. Lyner, Transferee v. Commissioner. Carl Soeker, Transferee v. Commissioner.
Bond Auto Loan Corp. v. Commissioner
Docket Nos. 2430, 2429, 2432, 2433.
United States Tax Court
1944 Tax Ct. Memo LEXIS 94; 3 T.C.M. (CCH) 1035; T.C.M. (RIA) 44318; October 5, 1944
*94 H. M. Stolar, Esq., 408 Pine St., St. Louis, Mo., for the petitioners. Gene W. Reardon, Esq., for the respondent. SMITH Memorandum Opinion SMITH, Judge: These consolidated proceedings involve personal holding company surtaxes and delinquency penalties for the taxable years ended April 30, 1939, and April 30, 1940. The petitioners request a redetermination of deficiency in the amount of $3,255.78 and penalty of $813.95 for the year ended April 30, 1939, and a deficiency in the amount of $3,269.24 and a penalty of $817.31 for the year ended April 30, 1940, determined by the Commissioner against Bond Auto Loan Corporation, transferor. The above taxes and penalties have also been asserted against each of the invidiual petitioner as transferees. The questions in issue are: (1) Whether Bond Auto Loan Corporation (hereinafter sometimes called the petitioner) was a personal holding company for the taxable years ended April 30, 1939, and April 30, 1940, and therefore subject to personal holding company surtax for such years. (2) Whether the 25 percent delinquency penalty for failure to file a personal holding company return for each of the taxable years is legally due. The parties have *95 stipulated that the three above-entitled individual petitioners are each liable as a transferee for any deficiency for personal holding company surtax and penalty that may be determined against Bond Auto Loan Corporation for the taxable years. This case was submitted to the Tax Court upon a stipulation of facts, attached exhibits, and oral testimony. All of the facts bearing upon the question as to whether petitioner was a personal holding company for the taxable years have been stipulated by the parties and such stipulation is adopted as our findings of fact. [The Facts] Bond Auto Loan Corporation, a Missouri corporation with its principal place of business in St. Louis, Missouri, filed income tax returns for the fiscal years ended April 30, 1939, and April 30, 1940, with the collector of internal revenue for the first district of Missouri, at St. Louis. The transferee petitioners are all individuals residing in the City of St. Louis. Bond Auto Loan Corporation was incorporated on April 22, 1937, for the purpose of (1) loaning money; (2) selling its evidences of indebtedness; (3) charging $1 for each $50 or fraction thereof loaned for any examination or investigation of the *96 borrower, comaker or surety; (4) charging a sum not greater than $20 on account of extra hazards for loans secured by a chattel mortgage or lien upon a motor vehicle, provided, however, that in the event the company retains all or any part of such charge for its own use, the note evidencing the indebtedness shall bear on its face a statement that the maker thereof has the option of delivering and conveying the motor vehicle securing such note, regardless of condition, in full satisfaction of the balance due thereon; and (5) buying and selling negotiable instruments or nonnegotiable notes, procuring and financing loans, and engaging "directly or indirectly in the business of loaning money to borrowers, whether said debt or loan be secured or unsecured." Bond Auto Loan Corporation was dissolved April 30, 1942. At the time of its dissolution Lewis Lowenstein, M. M. Lyner, and Carl Soeker were all of the directors of the corporation. These persons were and are statutory trustees under section 5036, Revised Statutes of Missouri, 1929. Upon its dissolution all of the company's assets were transferred to Lewis Lowenstein, M. M. Lyner, and Carl Soeker, the owners and holders of all of the *97 issued and outstanding stock of the company. Separate notices of deficiency covering the same liabilities to personal holding company surtax and penalties were sent to each of the above-named petitioners, the three stockholders being held liable therefor as transferees. During the fiscal years herein involved all of Bond Auto Loan Corporation's gross income was derived from the following sources: It made loans to individuals and under article 8, chapter 32, Revised Statutes of Missouri, 1929, as amended, received "interest" on such loans from said borrowers for the use of the money loaned, and, in addition, examination and investigation fees and "extra hazard charges" provided for by article 8, as amended, and it received certain miscellaneous income inconsequential in amount. During the fiscal year ended April 30, 1939, the total gross income of the petitioner from all sources was $22,660.73. The following table shows the breakdown of the petitioner's gross income into the various categories above mentioned, and the percentage of each category to the whole: Per-
cent
to
Kind of Gross Income
Amount
Total
Interest
$ 2,072.18
9.14
Examination & Investigation
Fees
4,091.8o
18.06
Extra Hazard Charges
16,113.83
71.11
Miscellaneous
382.92
1.69
Total
$22,660.73
100.00
*98 During the fiscal year ended April 30, 1940, the total gross income of the petition from all sources was $35,522.43. The following table shows the breakdown of the petitioner's gross income into the various categories above mentioned, and the percentage of each category to the whole: Per-
cent
to
Kind of Gross Income
Amount
Total
Interest
$ 3,646.91
10.27
Examination & Investigation
Fees
5,757.64
16.21
Extra Hazard Charges
25,798.94
72.63
Miscellaneous
318.94
.89
Total
$35,522.43
100.00
The "extra hazard charges" shown in the above tabulated statements were all exacted in accordance with the authority conferred upon the petitioner under article 8, chapter 32, Revised Statutes of Missouri, 1929, as amended. its Articles of Agreement, and Certificate of Incorporation. In each instance when an "extra hazard charge" was exacted a promissory note was obtained from the borrower secured by a chattel mortgage on a motor vehicle. The form of the promissory note obtained in each instance omitting the principal amount of the debt, the date of the note, dates when payments were due, and the borrower's signature, reads as follows: NOTE
Principal Debt $
Date
Payment
(Fill in Payments Above)
*99 For value received the undersigned promises to pay to the order of BOND AUTO LOAN CORP., at its office in St. Louis, Mo., the amount of the Principal Debt as indicated above and payable in installments as indicated hereon, with interest after maturity at the rate of eight per cent (8%) per annum until paid (interest to maturity at the highest lawful contract rate having already been deducted) together with costs of collection and a reasonable attorney's fee, if placed in the hands of an attorney for collection. If any installment on this note is not paid when due, at the time and place specified herein, then in such event, all of the installments together with any charge, assessment, interest, taxes, insurance or any other amount specified in the mortgage and referred to hereinafter, shall immediately become due and payable at the option of the legal holder thereof, whether by transfer, assignment, or whatever manner, without notice or demand. All parties to this note, the signers, and endorsers (if any), each waive demand, notice and protest of said note and severally agree that the same may be extended or renewed without notice and without release of any of them. The maker hereof *100 has the option of delivering and conveying the motor vehicle securing this note, regardless of condition, in full satisfaction of the balance due thereon. Borrower sign here X (Borrower's Signature) The corporation income and excess profits tax returns of the petitioner for the taxable years herein involved were timely filed with the collector of internal revenue for the first district of Missouri. The petitioner did not file personal holding company returns on form 1120H for either of the taxable years ended April 30, 1939, or April 30, 1940. No returns on form 1120H were filed for the reason that the petitioner had been advised by counsel that it was not a personal holding company since the amount received by it for "extra hazard charges" was not interest within the meaning of the applicable taxing statutes. We making the following ultimate findings of fact: The "extra hazard charges" were received "for the use of money loaned" and constituted the receipt of "interest." The petitioner was therefore a personal holding company for the taxable years in question. Failure to file personal holding company returns on form 1120H was due to a reasonable cause. We consider first *101 whether the petitioner Bond Auto Loan Corporation was a personal holding company for the taxable years in question. The petitioner admits that it was provided the "extra hazard charges" received by it during the taxable years constituted the receipt of "interest." Regulations 101, article 403-1(2), and Regulations 103, section 19.502-1(2), provide in part: "The term 'interest' means any amounts, includible in gross income, received for the use of money loaned except that it does not include interest constituting rent." The petitioner points out that it was organized under the Missouri Loan & Investment Companies Act (article 8, chapter 32, R. S. Missouri, 1929, as amended by Laws of 1933). The purpose of the Act was to enable borrowers who require small loans to obtain them under a plan which would assist the borrower in eventually paying off his loan. The maximum legal rate of interest fixed by statute for loans generally is eight percent per annum. Section 3327, R. S. Missouri, 1939. Any amount exacted in excess of that rate in such cases is usury. . The legislature of Missouri recognized that a company making loans *102 upon the security of automobiles could not do business at a profit where the only amount to be received from the lender was interest at the rate of eight percent per annum. It therefore provided in the legislation above referred to that a company could charge for a loan $1 for each $50 or fraction thereof loaned for any examination or investigation of character and circumstances of the borrower, and further permitted such a company: To charge for a loan made pursuant to this Section, when secured by chattel mortgage or lien upon a motor vehicle, a sum not greater than Twenty Dollars ($20.00) on account of extra hazards involved in such loans, provided, however, that in the event the Company retains all or any part of such charge for its own use, the note evidencing the indebtedness shall bear on its face a statement that the maker thereof has the option of delivering and conveying the motor vehicle securing such note, regardless of condition, in full satisfaction of the balance due thereon. [Emphasis supplied.] It is the petitioner's contention that the $20 charged the borrower as an "extra hazard charge" was not an interest charge but was made in consideration of the lender's *103 agreement to permit the borrower at any time to surrender the motor vehicle upon the security of which the loan was made, regardless of its condition, in full satisfaction of the balance due on the loan. It is argued that under the statutes of Missouri the amount does not constitute interest; for if it did a lender collecting the charge would be liable to the penalty prescribed by the statute for the making of a usurious loan. We think that it is immaterial that the Missouri statute provides for extra hazard charges as something in addition to "interest." The Federal statutes carries its own criterion with respect to what constitutes interest. The respondent has prescribed in his regulations that any amount receivable by a lender "for the use of money loaned" constitutes the receipt of interest within the meaning of the statute. We think that the regulation is a valid exercise of authority reposed in the respondent with the approval of the Secretary of the Treasury. We can not doubt that the amount paid to the petitioner by a borrower of money over the amount of the loan constitutes money paid for the use of the borrower money. The substance of the transaction is the payment of *104 interest. In , the question before the court was whether a personal finance corporation of the Commonwealth of Massachusetts was a personal holding company for the taxable year ended September 30, 1935. That corporation was permitted by the Massachusetts statute to make loans to individuals at a rate of interest to be fixed by the Commissioner of Banks of the State. The commissioner was authorized to establish a rate not to exceed three percent per month which was to cover "interest and expenses." The statute further provided that no other charge, bonus, fee, expense or demand of any nature whatsoever should be made upon loans to which the section related. The taxpayer claimed that only a portion of the amount received by it from the lender was interest; that a portion thereof covered examination and investigation fees, etc. The court held, however, that the entire amount received from the lender over the amount borrowed constituted interest within the meaning of that term as contained in section 351 of the Revenue Act of 1934. See also , *105 and . The petitioner contends that the "extra hazard charges" collected by it were not for the "use of money loaned," and hence not interest, but were for the privilege which the borrower obtained of surrendering the automobile at any time "regardless of condition" in payment of the balance due on the note. We are of the opinion, however, that this condition for the making of the charge does not take it out of the category of "interest." The respondent did not err therefore in his determination that the petitioner was a personal holding company for each of the taxable years. The second question is whether the petitioner is liable to the delinquency penalty provided for by section 291 of the Revenue Act of 1938 and the same section of the Internal Revenue Code for failure to file returns on form 1120H for the taxable years here in question. The evidence is to the effect that the petitioner was advised by counsel that it was not a personal holding company for the taxable years ended April 30, 1939, and April 30, 1940, since the receipt of the "extra hazard charges" was not *106 the receipt of interest. Section 291 above referred to provides for the imposition of the penalty "unless it is shown that such failure is due to reasonable cause and not due to willful neglect." We have found as a fact that the failure to file returns on form 1120H was due to a reasonable cause. The penalties may therefore not be imposed. See . Decisions will be entered under Rule 50.